**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.

JAMES ALDERMAN, *on behalf of himself*
*and all others similarly situated*,

     Plaintiff,

v.

PRINCE-PARKER & ASSOCIATES, INC.,
*a North Carolina Corporation,*

     Defendant.

_____/

## CLASS ACTION COMPLAINT AND JURY DEMAND

1.     On behalf of himself and the putative class, Plaintiff, James Alderman, alleges violations of the *Fair Debt Collection Practices Act*, *15 U.S.C. §1692 et seq.* ("*FDCPA*").

### JURISDICTION AND VENUE

2.     This Court has jurisdiction under *28 U.S.C. §1331*, and *15 U.S.C. §1692k*. Venue in this District is proper because Plaintiff resides here and Defendant conducts business in this District.

### PARTIES

3.     Plaintiff, James Alderman ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Indian River County, Florida.

4.     Defendant, Prince-Parker & Associates, Inc. ("Defendant"), is a North Carolina Corporation engaged in the business of collecting consumer debts, which operates from offices located at 8625 Crown Crescent Court, Suite 200, Charlotte, North Carolina 28227.

1

5.      Defendant regularly uses the United States Postal Service and telephone in the collection of consumer debt.

6.      Defendant is licensed in the State of Florida as a consumer collection agency, license number CCA9901393.

7.      Defendant regularly collects or attempts to collect debts for other parties. Defendant is a "debt collector" as defined in the *FDCPA*.

8.      At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9.      Defendant sought to collect from Plaintiff an alleged debt incurred by Plaintiff for personal, family, or household purposes, namely a home telephone bill from AT&T.

10.     On March 31, 2017, Defendant left a voice message on Plaintiff's telephone that stated: "The message is solely intended for Michael Alderman.  Mr. Alderman, my name is Melody Gibson.  When you get the message, please return my phone call.  My number in the office it is 704-841-2424 and I am at extension 2512.  When you call, I do need for you to request extension 2512." (The "March 31 Voice Message").

11.     On April 4, 2017, Defendant left a voice message on Plaintiff's telephone that stated: "Mike Alderman, this is Amanda Jones. Please give me a call at 704-841-2424 at extension 2484." (The "April 4-1 Voice Message").

12.     On April 4, 2017, Defendant left another voice message on Plaintiff's telephone that stated: "This message is for Mike Alderman. This is Steve and I need a return call at 704-841-2424 and my direct extension is 2517." (The "April 4-2 Voice Message").

2

13.     On April 14, 2017, Defendant left another voice message on Plaintiff's telephone that stated: "Yes. This message is for Mike Alderman. Mr. Alderman this is Mike from Prince-Parker & Associates we spoke a couple days ago. Um actually about a week ago just following back up with you. If you would please give me a call back up at my office. My number is 704-841-2424 at extension 2582. I'll be in my office until 4 pm Eastern Standard Time today. Thank you." (The "April 14 Voice Message").

14.     On  April 21, 2017, Defendant left another voice message on Plaintiff's telephone that stated: "Yes. This message is for Mike Alderman. Mr. Alderman. This is Mike. If you would please give me a call back here in my office. Um, my number here is 704-841-2425 at extension 2582. It is important that I speak with you. Once again my number is 704-841-2425 at extension 2582." (The "April 21 Voice Message")

15.     The March 31 Voice Message, the April 4-1 Voice Message, the April 4-2 Voice Message, the April 14 Voice Message, and the April 21 Voice Message shall be collectively referred to as the "Voice Messages."

16.     The Voice Messages did not identify that the calls were from a debt collector and only the April 14 Voice Message identified the name of the debt collector.

17.     *15 U.S.C §1692e(11)* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, **and the failure to disclose in subsequent communications that the**

3

**communication is from a debt collector**, except that
this paragraph shall not apply to a formal pleading made
in connection with a legal action.

Emphasis added.

18.     *15 U.S.C. §1692d(6)* states:

A debt collector may not engage in any conduct the natural
consequence of which is to harass, oppress, or abuse any person in
connection with the collection of a debt.   Without limiting the
general application of the foregoing, the following conduct is a
violation of this section:

xxxx

(6) Except as provided in section *1692b* of this title, the
placement of telephone calls without meaningful
disclosure of the caller's identity.

19.     The Voice Messages omit that the Voice Messages were from a debt collector in

violation of *15 U.S.C. §1692e(11)*.

20.     The Voice Messages failed to provide meaningful disclosure of the callers'

identities in violation of *15 U.S.C. §1692d(6)*.

21.     Any potential *bona fide* error defense which relies upon Defendant's mistaken

interpretation of the legal duties imposed upon it by the *FDCPA* would fail as a matter of law.

## CLASS ACTION ALLEGATIONS

22.     This action is brought on behalf of a Class consisting of (i) all persons with

addresses in the Florida Counties that comprise the geographical boundaries of the United States

District Court for the Southern District of Florida, namely Miami-Dade, Monroe, Broward, Palm

Beach, Martin, Saint Lucie, Indian River, Okeechobee, and Highlands counties (ii) for whom a

representative of Defendant left, or caused to be left, a voice message (iii) in connection with the

collection of a consumer debt (iv) that failed to state that Defendant was a debt collector and did

4

not provide meaningful disclosure of Defendant's identity (v) during the one-year period prior to the filing of the original Complaint in this action through the date of certification.

23.     Plaintiff alleges on information and belief based upon the Defendant's practice of leaving, or causing to be left, voice messages for consumer debtors that failed to state that Defendant was a debt collector, that the Class is so numerous that joinder of all members of the Class is impractical.

24.     There are questions of law or fact common to the Class, common issues predominate over any issues involving only individual Class members. The factual issue common to each Class member is that each was left, or caused to be left, a voice message by Defendant that failed to state that Defendant was a debt collector and did not meaningfully identify that the calls were from Defendant. The common principal legal issue is whether Defendant's omission in its voice messages that it left, or caused to be left, that Defendant was a debt collector violated the *FDCPA*.

25.     Plaintiff's claims are typical of those of the Class members.  All are based on the same facts and legal theories.

26.     Plaintiff will fairly and adequately protect the interests of the Class.  He has retained counsel experienced in handling actions involving unlawful practices under the *FDCPA* and Class actions. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

27.     Certification of the Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* is also appropriate in that: (1) the questions of law or fact common to the members of the class predominate over any questions affecting an individual member; and (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

28.     Plaintiff requests certification of a Class under *Rule 23(b)(3),* of the *Federal Rules of Civil Procedure*, for monetary damages; his appointment as Class Representative; and that his attorney Leo W. Desmond be appointed Class Counsel.

### COUNT I
### CLASS CLAIM
### VIOLATION OF *15 U.S.C. §1692e(11)*

29.     Plaintiff re-alleges and incorporates Paragraphs 1 through 27.

30.     *15 U.S.C. §1692e(11)* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, **and the failure to disclose in subsequent communications that the communication is from a debt collector**, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

Emphasis added.

31.     Defendant's representatives left at least five voice messages directed to Plaintiff in connection with an attempt to collect a consumer debt.

32.     Defendant's representatives left similarly violating messages for members of the Class.

33.     The Voice Messages omitted that the calls were from a debt collector and all but the April 14 Voice Message did not identify the name of the debt collection company.

34.     Defendant's failure to identify in the Voice Messages that it was a debt collector is a violation of *15 U.S.C. §1692e(11).*

35.     Defendant's Voice Messages would be confusing and misleading to the least sophisticated consumer with regard to his/her legal rights as they would not know the identity of the company that the caller represented (except the April 14 Voice Message) or that the call was from a debt collector.

36.     As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k.*

37.     As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k.*

**COUNT II**
**CLASS CLAIM**
**VIOLATION OF *15 U.S.C. §1692d(6)***

38.     Plaintiff re-alleges and incorporates Paragraphs 1 through 27 and 29 through 35.

39.     *15 U.S.C. §1692d(6)* states:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> > (6) Except as provided in section *1692b* of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

40.     Defendant placed at least five telephone calls to Plaintiff and left at least five voice messages for Plaintiff in connection with an attempt to collect a consumer debt. Other similar messages were left for members of the Class.

7

41.     The Voice Messages did not provide meaningful disclosure of the callers' identities, i.e., that the calls were from a debt collector, nor was the name of the debt collection company given, except in the April 14 Voice Message.

42.     Defendant's failure to provide meaningful disclosure of their or the Defendant's identity in the Voice Messages is a violation of *15 U.S.C. §1692d(6)*.

43.     As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

44.     As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in his favor against Defendant for:

a.   An Order certifying this matter as a Class Action and appointment of James Alderman as Class Representative as to all claims against Defendant;

b.   An Order appointing Leo W. Desmond as Class Counsel;

c.   An award of statutory damages for Plaintiff and the Class pursuant to *15 U.S.C. §1692k* for all Class claims;

d.   An award of attorney's fees, litigation expenses and costs of the instant suit; and

e.   Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

Dated: May 12, 2017.

Respectfully submitted,

*/s/ Leo W. Desmond*

8

Leo W. Desmond, Esquire
Florida Bar Number 0041920
DESMOND LAW FIRM, P.C.
5070 Highway A1A, Suite D
Vero Beach, Florida 32963
Telephone: 772.231.9600
Facsimile:  772.231.0300
lwd@desmondlawfirm.com
*Attorney for Plaintiff*